Curia, per Johnson, Chancellor.
The rule laid down by the Court, in O'Dell vs. Young, decided here, at May Term, 1829, is, that a guardian is bound to use the same diligence in collecting debts due to him, on account of his ward that a prudent man would do in the management of his own concerns; and the guardian, was held liable, because he neglected to take measures to inforce the collection of a debt, after it was known that the debtor was in doubtful circumstances. The same rule, for obvious reasons, equally applies to executors and administrators, and all others acting in a fiduciary character.
What will, or will not, constitute a proper degree of diligence necessarily depends on the attendant circumstances. *154 If the exigencies of an estate rendered it necessary, that the debts should be collected promptly, or if the security be doubtful, any unnecessary delay in the collection, would render the executors liable. If, on the contrary, the money was not wanted, and the security ample, it would be for the interest of those interested, that it should remain out and accumulate interest. There would, under those circumstances, be no motive for calling it in; all the object to be obtained, would be again to invest it upon like, or other, security, and if the original security was good, nothing would be gained. Here, there is no rule directing on what security trust funds are to be loaned, and it is well known, that, ordinarily, personal security is that which is usually required ; indeed other securities are rarely attainable, especially in the country; and where an executor acts upon a rule, established by the habits of the country, and in some degree from necessity, it ought not to be imputed to him for negligence. Now the delay of the defendant, to collect the note given by Bartlett S. Bullock, to his testator, from his death until 1828, when from any thing-that appears, it would have been barred by the statute of limitations was unquestionable negligence, and he would have been liable if any loss had accrued on that account; but that negligence was purged by his obtaining a removal of the note, and such additional security as according to the evidence, was supposed at the time to be ample. If he had had the money in hand at the time, it would have been his duty to lend it, as the exigencies of the estate did not require it for other purposes, and all that was required of him, was, that, he should take care to have sufficient security.
The complainant, Mrs. Glover, is, herself, an executrix of the testator, and having herself the same power over the subject, as the defendant, she, at least, has no cause of complaint. I will not say that if the defendant had possessed himself of the note, and refused, upon her request or suggestion, to enforce the collection, that he would not have been liable, even to her, on the event of loss ; but nothing of that sort appears. As regards the infant complainant, it was the duty of the defendant to make the fund productive., He would have been liable, if he had not and if, as I think, is very apparent, he acted with the caution and circum *155 spection, that' a prudent man would have done under the same circumstances, he is not answerable.
It is, therefore, ordered and decreed, that the decree of the Circuit Court be so far reformed, that in stating tlie accounts of the defendant, with the estate of his testator, he is not to be charged with the single bill, made to him by Bart. S, & B. F. Bullock, mentioned in the report.
DAVID JOHNSON.